**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000044
28-JUL-2011
09:41 AM**

NO. CAAP-10-0000044

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JULIANNE NGUYEN BERRY, Plaintiff-Appellee, v.
WAYNE FOSTER BERRY, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 06-1-0211)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Ginoza, JJ.)

Defendant-Appellant Wayne Foster Berry (Wayne) appeals from the Order Denying Motion to Set Aside (Order) and the Findings of Fact and Conclusions of Law (FOFs/COLs), both filed on September 22, 2010 in the Family Court of the First Circuit (family court).[1] The Order denied Wayne's October 9, 2009 Motion to Set Aside (Motion to Set Aside) the November 21, 2008 Decree Granting Absolute Divorce and Awarding Child Custody[2] (Divorce Decree).  In the Divorce Decree, the family court granted the request by Plaintiff-Appellee Julianne Nguyen Berry (Julianne) for divorce from Wayne, awarded sole legal and physical custody of two minor children to Julianne, ordered Wayne to pay child support to Julianne on behalf of the two children, ordered Wayne to pay

---

[1]  The Honorable Linda K.C. Luke presided.

[2]  The Honorable Linda S. Martell signed the Divorce Decree.

alimony to Julianne, and awarded Julianne "any and all interest in all of [Wayne's] rights, title and interest to any copyrights, patents, or any other intellectual property that he authored or acquired during the period of the parties' marriage."

On appeal, Wayne argues that the Divorce Decree should be vacated because

(1)  in the Divorce Decree, the family court awarded Julianne relief beyond what she had asked for in her Complaint for Divorce (Complaint) or her proposed decree;

(2)  the family court failed to notify him that if he did not attend the settlement conference, the court would enter a default against him, thereby denying him adequate notice in violation of due process; and

(3)  Julianne served the Pre-Trial Order No. 2 and the Divorce Decree by mail to an address calculated not to reach him.

Before discussing the issues Wayne raises on appeal, we note Wayne and Julianne's lack of conformity with the requirements of Hawai'i Rules of Appellate Procedure (HRAP) Rules 28(b) and 32(a).

Julianne's answering brief fails to comply with HRAP Rule 28(b)(3) in failing to include in her statement of the case "record references supporting each statement of fact or mention of court . . . proceedings."  (Emphasis added.)  Her brief also does not comply with HRAP Rule 32(a) because it does not have a three-inch margin on the flyleaf.

Wayne's opening brief does not comply with the following subsections of HRAP Rule 28(b):

(1)  Rule 28(b)(3) in failing to include in his statement of the case "record references supporting each statement of fact or mention of court . . . proceedings."  (Emphasis added.)

(2)  Rule 28(b)(3), which provides in relevant part that "[t]here shall be appended to the brief a copy of the judgment, decree, findings of fact and conclusions of law, order, opinion or decision relevant to any point on appeal, unless otherwise ordered

2

by the court." Wayne did not append a copy of any of the relevant documents.

(3) Rule 28(b)(4) in that each point of error does not state "(i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency."

(4) Rule 28(b)(4)(C), which requires that "when the point [of error] involves a finding or conclusion of the court or agency," the appellant shall provide "either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions." The family court set out comprehensive FOFs/COLs. On appeal, Wayne appears to challenge certain of the family court's FOFs/COLs, yet fails to specifically refer to any of them, nor point to where in the record he argued that any of the FOFs were erroneous or COLs were wrong. When an appellant does not identify what FOFs are erroneous and no plain error appears from the record, the FOFs remain unchallenged and serve as the operative facts of the case. Crosby v. State of Hawai'i Dep't of Budget & Fin., 76 Hawai'i 332, 340, 876 P.2d 1300, 1308 (1994). Moreover, "a COL that is supported by the trial court's FOFs and that reflects an application of the correct rule of law will not be overturned." Chun v. Bd. of Trs. of the Employees' Retirement Sys. of the State of Hawai'i, 106 Hawai'i 416, 430, 106 P.3d 339, 353 (2005) (internal quotation marks, citation, and brackets omitted).

Such non-compliance is sufficient to affirm the judgment of the family court. See HRAP 28(b)(4) ("Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented.").

Wayne's opening and reply briefs fail to comply with HRAP Rule 32(a) because the briefs do not have three-inch margins on the flyleaves of the briefs.

3

Both parties' counsel are warned that, pursuant to HRAP Rule 51, future non-compliance with HRAP Rules 28 and 32(a) may result in sanctions against them.

In this case, we notice no plain error. Wayne contends the Divorce Decree (1) is void under Hawai'i Family Court Rules (HFCR) Rule 60(b)(4)[3]; (2) violated due process because the Complaint and Julianne's proposed decree failed to give him adequate notice that he would lose his copyrights, be responsible for all debts, and have no assets; and (3) is void because service of the Divorce Decree and Pre-Trial Order No. 2 was inadequate.

"[A] judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 428, 16 P.3d 827, 833 (App. 2000) (quoting In re Hana Ranch Co., 3 Haw. App. 141, 146, 642 P.2d 938, 941 (1982)). There is nothing in the record to suggest that the family court lacked jurisdiction. Furthermore, the appellate court "will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)).

Via a process server, Julianne served Wayne with a certified copy of the Complaint on August 14, 2007. The Complaint identified the issues to be addressed, including custody, alimony, and division of assets and debts.

---

[3] HFCR Rule 60(b) (Relief from Judgment or Order) provides in relevant part:

> **(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding for the following reasons: . . . . (4) the judgment is void[.]

On February 6, 2008, Julianne filed a Motion to Set for trial. In her proposed divorce decree attached to the Motion to Set, she indicated that she would be requesting child support and alimony. Julianne also indicated that she would be asking for a final settlement payment that would include her interest in any copyrights/patents obtained during the marriage. Furthermore, she noted that Wayne would be held liable for joint debts owed to the Internal Revenue Service, as well as his sole debts. The statement also noted that her position as set forth in the proposed decree was "subject to amendment and/or revision."

In Wayne's March 10, 2008 "Motion to Strike: Cheryl Brawley's [Julianne's attorney] Motion to Set and Notice of Motion for a Dismissed and Expired Complaint for Divorce" (Motion to Strike), Wayne acknowledged that he had received the Motion to Set -- which gave him notice of the planned division of copyrights, debts, and assets.

Even though Wayne had notice of the hearing on the Motion to Set, he did not appear in person at the hearing nor did he respond to the family court's attempt to reach him by phone. Wayne also failed to attend the settlement conference on June 19, 2008. At the conclusion of the settlement conference, the family court set another settlement conference for September 18, 2008 and continued the trial to the week of October 27, 2008. The Pretrial Order No. 2 clearly stated that "[i]n the event [Wayne] fails to appear at settlement conference -- he shall be defaulted." Although Wayne may have preferred a different method of service, the record reflects that Pretrial Order No. 2 was served upon him via mailing at his Military Trail address -- his mailing address of record at that point in the proceedings.

Julianne mailed and faxed a copy of her settlement conference statement to Wayne on or about September 5, 2008. In her settlement statement, she sought, inter alia, legal and physical custody of the children, child support and alimony, an award of intellectual property as well as monies from any

settlements relating to infringement on a computer program copyright held by Wayne, and a determination of debt responsibilities. Again, her statement indicated that it was "subject to amendment and/or modification" and she specifically reserved "the right to amend, revise and/or otherwise modify" the statement.

Wayne failed to appear at the September 18, 2008 settlement conference. The family court defaulted him, granted the divorce, and determined custody, visitation, child support, and property division. On November 24, 2008, a copy of the Divorce Decree was mailed to Wayne at the Military Trail address via certified mail. A United States Postal Service Track and Confirm document verified that the document was delivered to the Military Trail address on December 1, 2008.

In the Divorce Decree, the family court awarded Julianne "any and all interest in all of [Wayne's] rights, title and interest to any copyrights, patents, or any other intellectual property that [Wayne] authored or acquired during the period of the parties' marriage." Although this award was greater than what was originally proposed, "the family court has broad discretion to divide and distribute the estate of the parties in a just and equitable manner. As such, the family court assesses and weighs all valid and relevant considerations to exercise its equitable discretion in distributing marital property." Baker v. Bielski, 124 Hawai'i 455, 463, 248 P.3d 221, 229 (App. 2011) (internal quotation marks and citation omitted). Additionally, the family court has the power to divide intellectual property for purposes of equitable distribution. Teller v. Teller, 99 Hawai'i 101, 108, 53 P.3d 240, 247 (2002).

The evidence shows that Wayne received the Complaint via personal service, the Motion to Set via United States mail, and Julianne's settlement conference statement via mail and via facsimile (his requested mode of communication). The record also reflects he was served with Pretrial Order No. 2 via mailing.

Wayne was notified via multiple documents served on him that his copyrights, debts, and assets would be considered in the divorce proceedings. Wayne chose not to participate in the divorce proceedings and did not file his Motion to Set Aside until October 9, 2009 -- nearly eleven months after the Divorce Decree had been entered and two days after the family court entered a judgment in the amount of $139,030 against him in response to Julianne's Motion to Enforce Decree. In his Motion to Set Aside, he presented arguments regarding custody, alimony, copyright, etc., the very issues that were part of the proceedings in which he failed to participate.

We conclude that Wayne's contentions are without merit. Wayne received adequate notice regarding the impact of the proposed divorce on his copyrights, assets, and debts and was sufficiently served. The family court did not abuse its discretion when it denied Wayne's Motion to Set Aside.

Therefore,

IT IS HEREBY ORDERED that the Order Denying Motion to Set Aside and the Findings of Fact and Conclusions of Law, both filed on September 22, 2010 in the Family Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, July 28, 2011.

On the briefs:

Timothy J. Hogan
for Defendant-Appellant.

Carl H. Osaki
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7